**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Jose Neri Lopez Escalor,

                        Petitioner,

vs.

Joel Brott, in his official capacity as Sheriff of
Sherburne County et al.,

                      Respondents.

Case No. 0:26-cv-01676-DMT-JFD

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

[¶ 1]    THIS MATTER comes before the Court on an Emergency Petition for Writ of Habeas Corpus filed on February 27, 2026. Doc. No. 1. Respondents filed a Response on March 8, 2026. Doc. No. 8. Petitioner filed a Reply on March 9, 2026. Doc. No. 10.

[¶ 2]    Petitioner is a 26-year-old citizen of Honduras who entered the United States in 2016 without inspection at the border. Doc. No. 1, ¶ 24. This is Petitioner's second Habeas Petition. See Lopez Escalon v. Pamela Bondi et al., Case No. 0:26-cv-01322-DMT-JFD. The only new ground raised is Petitioner was detained in violation of the Fourth Amendment. The Court will not reconsider its prior ruling on Petitioner's claims for illegal detention under 8 U.S.C. § 1225(b)(2)[1], due process, or under the Administrative Procedure Act and specifically incorporates that analysis here. See Lopez Escalon v. Pamela Bondi et al., Case No. 0:26-cv-01322-DMT-JFD, Doc. No. 9 (D. Minn. March 12, 2026).

---

[1] The Court notes the Eighth Circuit has decided mandatory detention under 8 U.S.C. § 1225(b)(2) is permitted under similar circumstances. Herrera Avila v. Bondi, ---F.4th----, No. 25-3248 (8th Cir. March 25, 2026).

- 1 -

[¶ 3]   As for Petitioner's Fourth Amendment claim, Petitioner claims he was subject to a warrantless arrest which violated the Fourth Amendment. Doc. No. 1, pp. 14–17. Respondents produced an administrative warrant. Doc. No. 9-1. Petitioner claims the administrative warrant (1) must have been served before detaining him and after a notice to appear, (2) contains factual misrepresentations, and (3) does not show a qualified individual served the warrant. Petitioner's argument, however, hinges upon 8 U.S.C. § 1226 applying under the circumstances, which the Court previously found it does not.

[¶ 4]   While other courts have held that since § 1226 applies, and § 1226 requires a warrant from the Attorney General, then a warrant is necessary in order to be arrested under that statute, see Edwin v. Bondi, Civil File No. 26-00355 (MJD/JFD), 2026 WL 185068 (citing other cases), this Court has held § 1225 applies, not § 1226. Section 1225 makes no mention of a warrant, only an inspection by an immigration official. See Lopez Escalon v. Pamela Bondi et al., Case No. 0:26-cv-01322-DMT-JFD, Doc. No. 9 (D. Minn. March 12, 2026).

[¶ 5]   Under § 1357 if an immigration officer has reason to believe an alien is in the United States illegally without a warrant if the alien is also a flight risk. However, under § 1225, if after inspection of an immigration official the applicant for admission is not clearly entitled to stay in the country, detention is mandatory. The key difference between these statutes is the knowledge of the official. "Reason to believe" is a different standard than knowledge. "[R]easonable suspicion means only that immigration officers may briefly stop the individual and inquire about immigration status. . . . Only if the person is illegally in the United States may the stop lead to further immigration proceedings." Noem v. Vasquez Perdomo, 146 S. Ct. at *3 (Kavanaugh, J., concurring). The Supreme Court acknowledged in 1984 that deportation proceedings are not meant to punish past action but prevent continuing illegal action. To allow someone subject to mandatory

- 3 -

detention to go free would "require the courts to close their eyes to ongoing violations of the law." INS v. Lopez-Mendoza, 468 U.S. 1032, 1046 (1984). An immigration official who has knowledge an applicant for admission has no clear right to be in the United States is required to hold that person in detention until the removal proceedings are completed. Under § 1357 a flight risk is required because the immigration official only has a reason to believe the person is here illegally, whereas with knowledge the assessment of flight risk is not needed because § 1225 requires detention. Therefore, Petitioner's claim he was detained contrary to the Fourth Amendment fails.

[¶ 6]   Accordingly, the Petitioner's second Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**.

[¶ 7]   **IT IS SO ORDERED**.

DATED March 25, 2026.

Daniel M. Traynor, District Judge
United States District Court